[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16435
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20244-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXIS BRACHE, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 31, 2013)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

After a jury trial, Alexis Brache appeals his convictions and 78-month

sentences for conspiracy to import cocaine, in violation of 21 U.S.C. § 963;

importation of cocaine, in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2;

attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846;

and possession with intent to distribute cocaine, in violation of 21 U.S.C.

§ 841(a)(1).  After review, we affirm.

## I.  MOTION TO SUPPRESS

With respect to his convictions, Brache argues that the district court erred in denying his pretrial motion to suppress evidence seized from his home.  Following an evidentiary hearing, a magistrate judge entered a report and recommendation ("R&R) concluding that Brache's motion to suppress should be denied.  Brache did not file any written objections to the R&R, which the district court adopted.

We conclude that Brache waived his right to appellate review of the denial of his motion to suppress by not objecting to the magistrate judge's R&R recommending that the motion to suppress be denied.  See Fed. R. Crim. P. 59(b)(2) (providing that the failure to file timely written objections to the R&R "in accordance with this rule waives a party's right to review"); see also United States v. Garcia-Sandobal, 703 F.3d 1278, 1283 (11th Cir. 2013) (concluding that defendant who failed to object to magistrate judge's R&R recommending that defendant's guilty plea be accepted, waived appellate review under Rule 59(b)(2)).

Brache argues that because the district court's order adopting the R&R states that it does so "upon *de novo* review of the record," Brache is not precluded from

appellate review. To support his argument, Brache cites cases pre-dating the 2005 adoption of Federal Rule of Criminal Procedure 59. Rule 59, however, does not make any distinction based on whether the district court reviews the R&R, de novo or otherwise; it simply provides that appellate review in this Court is waived if a party fails to object to the magistrate judge's R&R. See Fed. R. Crim. P. 59 advisory committee's note (2005) (explaining that the rule's "waiver provision is intended to establish the requirements for objecting in a district court in order to preserve appellate review of magistrate judges' decisions," but does not affect the district court's authority to review the R&R "whether or not objections are timely filed"). Thus, Brache's reliance on case law that has been superseded by Rule 59 and this Court's interpretation of this rule is misplaced.

Even if Brache had preserved this challenge, we would still affirm the district court's denial of the motion to suppress. It is undisputed that after entering the residence and performing a protective sweep, the officers sat down with Brache at his dining room table. At that time, the officers' weapons were holstered, they spoke in a conversational tone, and Brache was not handcuffed. The officers gave Brache a copy of his Miranda rights in Spanish, which he then waived. After speaking with an officer in Spanish, Brache was given a written consent form, which explicitly stated that he had the right to refuse to consent to the search. One

3

of the officers translated the consent form into Spanish for Brache.  Brache appeared to understand and signed the consent form.

During the subsequent consent search, officers found drugs in Brache's bedroom.  Even assuming arguendo that law enforcement's entry into, and protective sweep of, Brache's residence was illegal, Brache's subsequent consent to the search was voluntary, and any taint was sufficiently purged by the intervening circumstances in which Brache gave his consent.  See United States v. Delancy, 502 F.3d 1297, 1309-14 (11th Cir. 2007).

## II.    Sentence

Brache also argues that his four concurrent 78-month sentences are unreasonable.  We review the reasonableness of a sentence under the deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable under the totality of the circumstances.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).[1]

---

[1]Although Brache's brief states that his sentence is both "procedurally and substantively unreasonable," it does not challenge the district court's guidelines calculations or point to any other procedural error at Brache's sentencing.  Nor does Brache's brief make any substantive argument with regard to procedural reasonableness.  Thus, Brache has abandoned any challenge to the procedural reasonableness of his sentence.  See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

The abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). "In the face of this [very broad] discretion, it is only the rare sentence that will be substantively unreasonable." United States v. McQueen, ___ F.3d ___, 2013 WL 4478640, at * 9 (11th Cir. Aug. 22, 2013). Thus, we ordinarily expect a sentence within the advisory guidelines range to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. Id.[2] We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (quotation marks omitted).

In this case, Bache has not demonstrated that his sentence is substantively unreasonable in light of the record and the § 3553(a) factors. His total 78-month

---

[2]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentence disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

sentence is within the advisory guidelines range of 63 to 78 months.  It is also well below the statutory maximum sentence of twenty years, which is another indication that it is reasonable.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

The sentence, moreover, meets the goals encompassed within § 3553(a).  Brache arranged to smuggle 474 grams of cocaine from Honduras to the United States using a DHL parcel.  Brache had the parcel addressed to Gustavo Garcia, a man who had merely done yard work for Brache, and then paid another man, Yoelis Santos, $150 to receive the parcel from the DHL delivery driver and bring it to him.  In addition to the cocaine found inside the DHL parcel, Brache also had 28.4 grams of cocaine and 10.9 grams of marijuana in his residence.  After his arrest, Brache gave sworn statements to investigators that he had nothing to do with the cocaine hidden inside the DHL parcel, which belonged to Santos.  However, after Brache was confronted with the drugs found inside his residence, he admitted the drugs were his and to selling drugs.

At sentencing, the government asked for a sentence at the high end of the advisory guidelines range, or 78 months.  Brache asked for one at the low end, or 63 months, arguing that his "actions were occasioned by his regular use of cocaine since 1991."  The district court stated that it had "considered the statements of the parties, the presentence report containing the advisory guidelines and the statutory

6

factors" and then imposed a 78-month sentence. The district court explained that it had chosen a sentence at the high end of the range because "there were some aggravating factors in this case, including the fact that Mr. Brache tried to put this over on, as I recall, someone else initially." Under the circumstances, we cannot say the district court abused its broad discretion when it imposed a 78-month sentence, at the high end of the guidelines range.

Brache's sole argument with respect to reasonableness is that the district court did not "appropriately weigh" his personal characteristics, including his age (48 years old), that he had been married to his wife for thirty years, that he supported his family, that he was disabled after he lost four fingers in a work accident and that he had hypertension. Notably, Brache did not bring these personal facts to the sentencing court's attention. The facts were, however, presented in the PSI, which the district court stated it had considered. The district court clearly concluded that the aggravating fact that Brache tried to avoid criminal liability by using and then implicating intermediaries outweighed Brache's personal circumstances. In essence, Brache asks us to second guess the weight the district court accorded each of these factors, which is something we do not do when, as here, the ultimate sentence is reasonable in light of all the circumstances presented. See United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010).

**AFFIRMED.**

7